[Cite as *Layannoor, Inc. v. United Ohio Ins. Co.*, 2026-Ohio-2939.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

LAYANNOOR, INC.,                           :

    Plaintiff-Appellee,               :

                         No. 115844

v.                                        :

UNITED OHIO INSURANCE CO., ET AL.:

    Defendants-Appellants.            :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED
**RELEASED AND JOURNALIZED:** July 30, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-998708

---

### *Appearances:*

Shapero & Green, LLC, Brian Green, and Sean Burke, *for appellee.*

Ritzler, Coughlin, & Paglia, Ltd., Robert J. DuBois, and Jonathon Angarola, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} United Ohio Insurance Co. ("United Ohio") appeals the granting of Layannoor, Inc.'s motion for relief from judgment filed under Civ.R. 60. For the following reasons, we reverse that decision and reinstate the final judgment.

{¶ 2} In June 2024, Layannoor, Inc., filed the underlying action against United Ohio and its agent, Alan S. Hanlin & Associates, Inc. ("Hanlin"), asserting breach of contract and other related claims arising from an insurance dispute. Layannoor operates a convenience store in a leased building that incurred fire damage. Its policy listed Layannoor as the owner of the building instead of reflecting its status as a tenant and including the owner as an additional insured under the policy, as is generally required to obtain the policy in question. Layannoor was represented by attorneys John Spellacy and Sean Allan from the inception of the lawsuit. United Ohio filed an answer and counterclaim seeking $100,000 in reimbursement for an initial payment issued to Layannoor under the belief it owned the property.

{¶ 3} Spellacy, with leave of court, withdrew from the case in December 2024. In mid-March 2025, Allan sought to withdraw from the case because of the lack of contact with either principal of Layannoor, Amal Saleh or Loay Odeh, a married couple both of whom reside at 3387 Napa Boulevard in Avon, Ohio. According to the filing, Allan had been unable to reach his client in three months, impeding his ability to respond to the then-ongoing discovery.

{¶ 4} In April 2026, the trial court granted Allan leave to withdraw and ordered Layannoor, a corporate entity, to retain new counsel as required by Ohio law for participation in the ongoing litigation. The court documents granting leave to withdraw and setting a scheduling conference were served to Layannoor through Federal Express at the 3387 Napa Boulevard address. The following month, with no

contact from any representative of Layannoor, the trial court set the matter for a default hearing on United Ohio's counterclaim. United Ohio's motion for default was also sent to Layannoor at the 3387 Napa Boulevard address. Following the default hearing in June 2026, a hearing that no representative of Layannoor attended, Layannoor's claims were dismissed without prejudice for failure to prosecute. On July 2, 2025, default judgment was granted in United Ohio's favor declaring the insurance policy void based on the misidentification of the owner and a judgment was entered in the amount of $100,000 for reimbursement of monies forwarded.

{¶ 5} Finally in September 2026, ten months since any representative for Layannoor had been in contact with its attorney or the trial court and more than two months following the granting of final judgment, Layannoor retained new counsel to file a motion for relief from judgment under Civ.R. 60(B), claiming its disappearance was because of excusable neglect. According to the evidence presented, Saleh claims to have never received any of the notices, documents, or correspondence sent to their home or business address beginning in March 2025. Saleh conceded that there were no issues with mail at the 3387 Napa Boulevard address, but Odeh claimed to have issues with receiving mail at the business address. The notice of default judgment issued in July was sent to Layannoor's business address.

{¶ 6} At the hearing on the motion for relief from judgment, Saleh acknowledged, in regard to a question about receiving mail at their home address,

that "[m]aybe some mail came in, but it was not — at some there was, like, a lot of mail coming in, and I thought that we gave all the papers necessary for them, so probably not, like, looked at." Tr. 13:6-10. Thus, Saleh testified that it was not necessarily a failure of receipt, but a failure to review all documents received. Odeh, for his part, conceded that they were aware of the documents Allan sent regarding his motion to withdraw. Tr. 30:10-18; tr. 31:14-17; tr. 37:8-22; tr. 38:12-18. He disregarded that information because he agreed with letting Allan withdraw after their last meeting in December 2024. In his view, Allan unreasonably requested repair invoices that Layannoor was unable to obtain and Odeh disagreed with Allan's including Hanlin as a defendant in the original complaint filed months earlier. He explained that there was no further contact with Allan because Layannoor intended to retain new counsel.

{¶ 7} Coupled with Allan's statement in seeking to withdraw, Odeh's testimony confirmed that Layannoor had no contact with its counsel starting in mid-December 2024. More important, after receiving the information regarding Allan's April withdrawal from the litigation, Odeh testified that he intended to not take any steps to find replacement counsel for Layannoor until the final pretrial set for mid-October 2025, a date set in the trial court's December 5, 2024 scheduling order that included earlier pretrial deadlines. Tr. 39:2-4.

{¶ 8} The trial court deemed Layannoor's systemic disregard of the proceeding excusable neglect based on what the trial court deemed to be "confusion" from Layannoor's attorneys withdrawing from the matter. The trial court then

vacated the final judgment and sua sponte reinstated Layannoor's dismissed claims, which were not subject to a Civ.R. 60(B) motion for relief from final judgment. This appeal timely followed.

{¶ 9} Under the second assignment of error, which resolves all issues in this appeal, United Ohio claims the trial court erred by granting Layannoor's motion.[1] To prevail on its motion, Layannoor needed to establish "(1) a meritorious claim or defense in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion." *State ex rel. Hatfield v. Miller*, 2023-Ohio-429, ¶ 8, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). "Failure to meet any one of [these] factors is fatal, as all three factors must be satisfied in order to grant relief." *In re L.D.M.*, 2021-Ohio-1853, ¶ 28 (12th Dist.), citing *Pelton* at 174; *see also Smith v. Hines*, 2023-Ohio-107, ¶ 17 (6th Dist.).

{¶ 10} "An appellate court reviews a decision on a Civ.R. 60(B) motion for abuse of discretion." *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 2014-Ohio-2353, ¶ 21, citing *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 21 (1988). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority" or commits an error of law. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. "The abuse-of-discretion

---

[1] In the first assignment of error, United Ohio challenges the trial court's decision sua sponte reinstating Layannoor's claims that were dismissed without prejudice for the failure to prosecute.

standard extends to the question whether a movant has demonstrated excusable neglect." *State ex rel. Jackson* at ¶ 22.

{¶ 11} The Ohio Supreme Court has previously defined "excusable neglect" in the negative, stating that "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman*, 76 Ohio St.3d 18, 20 (1996), quoting *GTE Automatic Electric v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 153 (1976). "[T]he determination of whether excusable neglect occurred '. . . must of necessity take into consideration all the surrounding facts and circumstances.'" *Rose Chevrolet* at 21, quoting *Colley v. Bazewell*, 64 Ohio St.2d 243, 249 (1980). In this regard, it has been concluded that "[t]he failure to keep informed of the progress of an ongoing case does not qualify as excusable neglect." *See Garrett v. Gortz*, 2008-Ohio-4369 (8th Dist.) ("The failure to ensure proper mail delivery and keep informed of the progress of an ongoing case does not qualify as excusable neglect."). This is because "[c]ases finding excusable neglect typically involve special circumstances that justify the neglect. Neglectful conduct is not excusable if the party seeking relief could have prevented the circumstances from occurring." *Twymon v. Eagle Auto Parts, Inc.*, 2022-Ohio-2360, ¶ 51 (8th Dist.), citing *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 2015-Ohio-1368, ¶ 13 (10th Dist.), and *Stuller v. Price*, 2003-Ohio-583, ¶ 52 (10th Dist.).

{¶ 12} A principal for Layannoor expressly stated that Layannoor had no intention of retaining new counsel until the final pretrial, which was set for October

2025 — nearly a year after Layannoor first determined that Allan would not be its attorney, and six months following Allan's withdrawal of representation. Tr. 39:2-4. All of this occurred during a time that discovery and other pretrial matters were ongoing. Odeh, a designated representative for Layannoor, also admitted to receiving Allan's correspondence notifying of the withdrawal, meaning Layannoor, a corporate entity, was aware it was unrepresented by a licensed Ohio attorney as is required by Ohio law for it to continue to prosecute and defend against the claims. *See Lenz v. Kerr Bldg.*, 2022-Ohio-1427, ¶ 14 (6th Dist.), citing *Union Sav. Assn. v. Home Owners Aid, Inc.*, 23 Ohio St.2d 60 (1970). It is not apparent that there was any confusion regarding the withdrawal of Allan, who represented Layannoor from the inception of the action. Instead, the record demonstrates that Layannoor's representative consciously disregarded the ongoing litigation in which nothing could occur until Layannoor retained new counsel to enter an appearance on its behalf.

{¶ 13} It has been held that a party's incomprehension of the proper legal procedures and the necessity for a corporate entity to be represented by a licensed attorney in a judicial proceeding does not constitute inadvertence or excusable neglect under Civ.R. 60(B)(1). *Sunshine Ltd. v. Kidztown Early Learning Ctr.*, 2013-Ohio-2092, ¶ 16 (8th Dist.), quoting *Chase Bank United States, N.A. v. Courey*, 2010-Ohio-246, ¶ 26 (8th Dist.). Layannoor's disregard for the proceeding cannot be considered excusable neglect. The "[t]otal disregard for the judicial system" has been described with the hypothetical "litigant who obstinately refuses

to attend a deposition or a lawyer who repeatedly misses court dates." *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 2014-Ohio-2353, ¶ 35.

{¶ 14} In this case, Odeh described himself as the main point of contact between Layannoor and its attorney. Layannoor's self-serving evidence of not receiving any of the court notices is not relevant to the question before the trial court in this case. This is not a case in which Layannoor was unaware of the proceedings such that the failure to receive notices as to the default was dispositive as to the question of excusable neglect. *See Dispatch Printing*, 2015-Ohio-1368, at ¶ 15 (10th Dist.) (providing examples of when courts have determined that "excusable neglect may exist when a party has neither knowledge nor actual notice of the lawsuit"), citing *Moore v. Emmanuel Family Training Ctr.*, 18 Ohio St.3d 64 (1985); *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9 (1978); and *Miami Sys., Corp. v. Dry Cleaning Computer Sys., Inc.*, 90 Ohio App.3d 181 (1st Dist. 1993); *Weaver v. Colwell Fin. Corp.*, 73 Ohio App.3d 139 (8th Dist. 1992).

{¶ 15} But regardless, as to that point, there is no dispute that Layannoor, through its agent, received notice and approved of Allan's withdrawal from representing Layannoor. Layannoor, through Odeh, also made a conscious decision to forgo retaining new counsel, leaving the corporate entity unrepresented in ongoing litigation for nearly a year after Layannoor determined that new counsel was desired and six months after Layannoor was left unrepresented. Layannoor could not prosecute or defend claims without a licensed attorney. During this time, no discovery or any other pretrial preparation could take place.

{¶ 16} Layannoor, as the party seeking relief, could have guarded against the default outcome by simply retaining new counsel, or by at least attempting to contact the court to request additional time. *See, e.g., Smith v. Hines*, 2023-Ohio-107, ¶ 25 (6th Dist.) (no excusable neglect where pro se litigant exhibited a complete lack of attention to the process of the court after counsel withdrew). Instead, Layannoor, through its agent, expressed an intent to consciously ignore the proceeding for nearly a year, with no intention of retaining new counsel until before the mid-October final pretrial conference. *See, e.g., Delitoy v. I. Stylez Hair & Nails Design,* 2020-Ohio-3370, ¶ 27 (8th Dist.) (a motion for relief from judgment was properly denied where the defendant ignored several notices from the trial court and service of numerous filings were sent to a verified address); *Griffey v. Rajan*, 33 Ohio St.3d 75, 80 (1987) ("A disregard for the judicial system and the right of appellee does not necessarily mean an intentional disregard." (Emphasis deleted.)). That final pretrial conference was not a preliminary event; it was meant to occur after all other pretrial proceedings had been completed, including discovery. Thus, Layannoor ignored the entirety of the proceeding, not just the default.

{¶ 17} The trial court found this conduct to be excusable neglect, but without any other distinguishing fact, that conclusion demonstrates an arbitrariness over the decision to grant relief — it is not supported by the facts and circumstances presented as applied through the lens of authority defining the phrase "excusable neglect." Importantly, this conclusion is not based on any reweighing of evidence as Layannoor contends in response. Odeh's testimony was undisputed, especially as it

pertained to the stated intent to leave Layannoor unrepresented in the ongoing litigation for at least six months while discovery and other pretrial procedural processes were underway. It was not just the default proceeding that was ignored, but the entirety of the pretrial proceeding meant to prepare for the final pretrial conference in October 2025 and the trial set for the following month. Waiting to retain new counsel until the final pretrial would do nothing but cause unwarranted delay.

{¶ 18} It is understandable at one level how an experienced and knowledgeable trial judge could feel relief from judgment was warranted. The desire to decide a case on the merits and not on a procedural twist is a consideration that should give pause. Granting relief under these facts, however, is a bridge too far in light of the balance that must be maintained with the finality of judgments.

{¶ 19} The apparent harshness of this result is acknowledged, but that is not a unique feature of our conclusion. All cases in which a party is denied relief from a final judgment involve upholding judgments. However, "the concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1), is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to 'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'" *Russell v. McDonalds Inc.*, 2020-Ohio-4300, ¶ 21 (8th Dist.), quoting *Colley v. Bazewell*, 64 Ohio St.2d 243, 248 (1980), quoting 11 Wright & Miller, *Federal Practice & Procedure* 140, § 2851. "Neglect is not excusable when it is a result of the party's

own 'carelessness, inattention, or willful disregard of the process of the court' rather than a result of some 'unexpected or unavoidable hindrance or accident.'" *Russell* at ¶ 22 (8th Dist.), quoting *Emery v. Smith*, 2005-Ohio-5526, ¶ 16 (5th Dist.). If a liberal application of Civ.R. 60(B) were applied to vacate the final judgment on these facts, the balance between finality and doing justice would be irrevocably upended — prioritizing the doctrine of resolving cases on the merits over a party's conscious disregard for ongoing judicial proceedings. Without more, we cannot condone a party abandoning a case for nearly a year when the weight of case authority defines that conduct to be inexcusable.[2]

{¶ 20} The decision of the trial court is reversed, and the final judgment in favor of United Ohio is reinstated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

---

[2] Because the more specific provision of Civ.R. 60(B)(1) was identified as the basis for relief, any arguments pertaining to the catch-all provision under Civ.R. 60(B)(5) are not cognizable. *See Simon v. Simon*, 2019-Ohio-777, ¶ 8 (9th Dist.), quoting *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. Importantly, Layannoor does not claim otherwise in this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
DEENA R. CALABRESE, J., CONCUR